JKG

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

Nicholas Reinhart
450 Hertzog Valley Road
Denver, PA 17517

Plaintiff,

v.

Maytag Corporation , a Division of Whirlpool Corporation
553 Benson Rd
Benton Harbor, MI

Defendant

COMPLAINT
JURY TRIAL DEMAND

CIVIL ACTION
No.: 5:12-CV-1717-JKG

FILED
APR 9 2012
MICHAEL E. KUNZ, Clerk
By ______ Dep. Clerk

## FIRST AMENDED COMPLAINT

Plaintiff Nicholas Reinhart, by and through his undersigned counsel, Sherman, Silverstein, Kohl, Rose & Podolsky, P.A., by way of a Complaint against defendant Maytag Corporation, a Division of Whirlpool Corporation stated and avers as follows:

### THE PARTIES

1. The plaintiff is Nicholas Reinhart an individual and citizen of Pennsylvania with an address of 450 Hertzog Valley Road, Denver, PA.

2. Defendant Maytag Corporation is a Division of Whirlpool Corporation (hereafter "Maytag"). Its principal place of business is in the State of Michigan with an address of 553 Benson Road, Benton Harbor, MI. It was incorporated in Tennessee. Whirlpool Corporation was incorporated in the State of Delaware and has a principal place of business in the state of Michigan. Thus, Maytag is a citizen of Tennessee and Michigan and its parent is a citizen of Delaware and Michigan.

## JURISDICTION

3. This Court's jurisdiction is based upon diversity of citizenship as set forth in 28 U.S.C. Section 1332 in that plaintiff is a citizen of Pennsylvania and defendant Maytag is a citizen of the states of Tennessee and Michigan while its parent Whirlpool is a citizen of Delaware and Michigan. The amount in controversy is in excess of One Hundred Thousand Dollars ($1000,000.00).

## BACKGROUND FACTS COMMON TO ALL COUNTS

4. On April 9, 2010, Mr. Reinhart owned and used as his personal residence real property located at 450 Hertzog Valley Road in Denver, PA..

5. Located in Mr. Reinhart's home was a dishwasher manufactured, advertised, and sold by Maytag, and purchased in or about February 2000.

6. On April 9, 2010, Mr. Reinhart's home sustained a significant loss.

7. The cause of the fire was the dishwasher manufactured, advertised, and sold by MAYTAG.

8. As a result of this fire, Mr. Reinhart sustained damage for which the defendant is liable.

## CLAIMS FOR RELIEF

## COUNT ONE

9. Mr. Reinhart incorporates the above allegations as if set forth at length herein.

10. At all relevant times herein, Maytag was a corporation which, among other things, manufactured, designed, installed, assembled, delivered, distributed, produced and sold kitchen products including dishwashers.

11. Prior to and at the time the dishwasher located in Mr. Reinhart's house was purchased, Maytag sold said dishwasher with the intent that it be sold to a consumer or

11. Prior to and at the time the dishwasher located in Mr. Reinhart's house was purchased, Maytag sold said dishwasher with the intent that it be sold to a consumer or distributed said dishwasher in the stream of commerce.

12. The aforementioned dishwasher was improperly designed and manufactured so that the dishwasher could ignite and start a fire after being put in use or if not in use.

13. At all times relevant to this cause of action, Maytag knew or should have known of the dishwasher's dangerous propensities.

14. Prior to February 22, 2010, Maytag failed to notify Mr. Reinhart of the dishwasher's dangerous condition.

15. On or about February 22, 2010, as a result of the negligence and carelessness of Maytag, the dishwasher caused a fire to occur at the Reinhart residence.

16. As a result of the fire, Mr. Reinhart's premises sustained damages and Mr. Reinhart sustained damages to his personal property.

**WHEREFORE**, plaintiff Nicholas Reinhart demands judgment against the defendant Maytag for an amount greater than Five Hundred Thousand Dollars ($500,000.00), interest, costs of suit, attorneys' fees, and such other relief as is just and equitable.

**COUNT TWO**

**vs. MAYTAG Defendants**

17. Mr. Reinhart incorporates the above allegations as if set forth at length herein.

18. Maytag was careless, negligent, and breached its duties and obligations owed to Mr. Reinhart by common law, by various sections of the Restatement of Torts, 2d and breached duties pursuant to Section 402(a) of the Restatement of Torts, 2d, and are liable for causing the aforementioned injuries for the following reasons:

a. selling a product in a defective condition;

b. selling a product which was unreasonably dangerous to the user;

c. selling a product which was not safe for normal handling and consumption;

d. failing to have adequate warnings on the product;

e. failing to provide instructions with regard to the use of this product;

f. failing to warn users of the dangers inherent in using this product;

g. failing to instruct users of this product on its safe use;

h. selling a product which could have been designed more safely;

i. selling a product which lacked all necessary safety features;

j. failing to have proper warnings concerning the use of this product;

k. selling a product wherein it was foreseeable that extensive damage could be caused based on the product's design, installation and assembly;

l. selling a product which could not safely operate during normal use;

m. selling a product which was not safe for its intended use;

n. manufacturing, designing, maintaining and distributing a product which was defective and which could cause extensive damage or serious injury to the user;

o. failing to exercise reasonable care in the design, marketing and installation of this product;

p. failing to equip this product with the necessary safety devices;

q. failing to adequately and properly test said product;

r. failing to use reasonable care under the circumstances;

s. selling a product in violation of Section 402(a) of the Restatement of Torts, 2d and other applicable sections of the Restatement of Torts, 2d;

t. producing, supplying, assembling and/or delivering a product which the defendants knew or should have known would cause extensive damage or serious injury to the user;

u. using component parts which created a risk of harm to the user of this product;

v. producing, supplying, assembling and/or delivering a product which was defective and could cause extensive damage or serious injury to the user;

w. producing, supplying, assembling and/or delivering a product with component parts that Maytag knew or should have known increased the risk of harm to the user;

x. failing to fix the conditions which increased the risk of harm to the users during the times when this product was serviced;

y. engaging in other acts regarding the manufacturing, designing, maintaining, preparing, producing, distributing, installing, advising and selling of this equipment as will be learned in discovery; and

z. failing to give notice of dangerous propensity of the dishwasher.

19. As a result of the carelessness and negligence of Maytag, and its failure to conform to its obligations and duties as designer, manufacturer, producer, assembler, distributor, supplier, installer, servicer, and seller under Section 402(a) of the Restatement of Torts, 2d, other sections of the Restatement of Torts, 2d, and at common and statutory law, Mr. Reinhart was caused to sustain extensive damage to his premises and contents.

**WHEREFORE**, plaintiff Nicholas Reinhart demands judgment against the defendant Maytag, for an amount greater than Five Hundred Thousand Dollars ($500,000.00), interest, costs of suit, attorneys' fees, and such other relief as is just and equitable.

## COUNT THREE

20. Mr. Reinhart incorporates the above allegations as if set forth at length herein.

21. Maytag breached express and implied warranties, that the dishwasher manufactured, designed, assembled, installed, produced, distributed, supplied, delivered, serviced and sold by Maytag was safe and proper for its intended use, was designed and manufactured in accordance with prevailing and existing standards in the industry, and was properly and adequately manufactured, designed, maintained, prepared, produced, distributed, sold, installed and had proper warnings.

22. Maytag breached express and implied warranties by designing, manufacturing, producing, servicing, assembling, distributing, delivering, installing, supplying and selling a dishwasher which was unsafe, defective, of non-merchantable quality and was not reasonably safe for its intended purpose or use.

23. Maytag breached express and implied warranties, duties and obligations and thereby caused injury to Mr. Reinhart, and did so by:

a. selling a product in a defective condition;

b. selling a product which was unreasonably dangerous to the user;

c. selling a product which was not safe for normal handling and consumption;

d. failing to have adequate warnings on the product;

e. failing to provide instructions to be followed with regard to the use of this product;

f. failing to warn users of the dangers inherent in using this product;

g. failing to instruct users of this product on its safe use;

h. selling a product which could have been designed more safely;

i. selling a product which lacked all necessary safety features to protect users of said product;

j. failing to have proper warnings and instructions concerning the use of this product accompanying the same;

k. selling a product wherein it was foreseeable that someone would injure themselves based upon the product's design, installation and assembly;

l. selling a product which could not safely operate during normal use;

m. selling a product which was not safe for its intended use;

n. selling a product which was lacking of one or more elements necessary to make it safe for its intended use;

o. manufacturing a product which was defective and which could cause injury to the user;

p. designing a product which was defective and which could cause injury to the user;

q. maintaining a product which was defective and could cause injuries to a user;

r. distributing a product which was defective and could cause injuries to a user;

s. failing to see that ultimate users were advised of the dangers of said product and how to work with it to avoid injury;

t. failing to exercise reasonable care in the design of this product;

u. failing to exercise reasonable care in the marketing of this product;

v. failing to equip this product with the necessary safety devices;

w. failing to adequately and properly test said product;

x. failing to use reasonable care under the circumstances;

y. violating of Section 402(a) of the Restatement of Torts, 2d;

z. assembling a product which Maytag knew or should have known would cause injury to the user;

aa. assembling a product which Maytagknew or should have known would cause injury to the user because of the component parts that were selected to be used;

bb. delivering a product which was defective and could cause injury to the user;

cc. using component parts which created a risk of harm to the user of this product;

dd. producing a product which was defective and could cause injury to the user;

ee. producing a product with component parts that Maytag knew or should have known increased the risk of harm to the user;

ff. supplying a product which was defective and could cause injury to the user;

gg. supplying a product with component parts which would increase the risk of harm to the user;

hh. assembling a product which was defective and could cause injury to the

user;

ii. assembling a product with component parts that would increase the risk of harm to the user;

jj. failing to fix the conditions which increased the risk of harm to the users during the times when this product was serviced;

kk. violating applicable sections of the Restatement of Torts, 2d, common and statutory law;

ll. engaging in other acts regarding the manufacturing, designing, maintaining, preparing, producing, distributing, installing, advising and selling of this equipment as will be learned in discovery.

24. As a result of Maytag's breach of implied and express warranties, Mr. Reinhart was caused to sustain extensive damage to his home and personal property.

**WHEREFORE**, plaintiff Nicholas Reinhart demands judgment against the defendant Maytag, for an amount greater than Five Hundred Thousand Dollars ($500,000.00), interest, costs of suit, attorneys' fees, and such other relief as is just and equitable.

**COUNT FOUR**

25. Mr. Reinhart incorporates the above allegations as if set forth at length herein.

26. At all times relevant to this cause of action, Maytag knew or should have known of the dishwasher's dangerous propensities.

27. Maytag failed to notify Mr. Reinhart of the dishwasher's dangerous condition.

28. On or about February 22, 2010, as a result of the negligence and carelessness of MAYTAG, , the dishwasher caused a fire to occur at Mr. Reinhart's residence.

29. As a result of the fire, Mr. Reinhart sustained severe damages to his home and to his personal property.

**WHEREFORE**, plaintiff Nicholas Reinhart demands judgment against the defendant Maytag, for an amount greater than Five Hundred Thousand Dollars ($500,000.00), interest, costs of suit, attorneys' fees, and such other relief as is just and equitable.

**SHERMAN, SILVERSTEIN, KOHL, ROSE & PODOLSKY**

**By:** **S/Alan C. Milstein**

**Alan C. Milstein**
**Jeffrey P. Resnick**
**308 Harper Drive**
**Moorestown, NJ 08057**
**Telephone: (856) 662-0700**
**Facsimile: (856) 488-4744**
***Attorneys for Plaintiff***

**Date: Monday, April 09, 2012**

**DEMAND FOR JURY TRIAL**

**PLEASE TAKE NOTICE** that the plaintiff demands trial by jury as to all issues in the above matter.

**SHERMAN, SILVERSTEIN, KOHL, ROSE & PODOLSKY**

**By:** **S/Alan C. Milstein**
**Alan C. Milstein**
**Jeffrey P. Resnick**
**308 Harper Drive**
**Moorestown, NJ 08057**
**Telephone: (856) 662-0700**
**Facsimile: (856) 488-4744**
***Attorneys for Plaintiff***

**Date: Monday, April 09, 2012**

FILED
APR 9 2012
MICHAEL E. KUNZ, Clerk
By ______ Dep. Clerk